IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY D. DOUGHERTY,                )
                                     )
            Plaintiff,               )
                                     )
    v.                               )
                                     )  Civil Action No. 08-77J
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of August, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

⬥AO 72
(Rev. 8/82)

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on September 27, 2005, alleging disability beginning January 1, 2005, due to obsessive compulsive disorder ("OCD").[1] Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on March 9, 2007. On April 18, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on February 27, 2008, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 55 years old at the time of his alleged onset date and is classified as a person of advanced age under the

---

[1] Although plaintiff initially sought benefits for OCD, the psychologist who performed a subsequent consultative medical examination of plaintiff concluded that plaintiff's mental impairment was mild and presented no barrier to employment. (R. 100-105). On appeal, plaintiff has challenged only the ALJ's findings as to his physical impairments.

regulations. 20 C.F.R. §§404.1563(e), 416.963(e). Plaintiff has a high school education. Plaintiff has past relevant work experience as a machine operator, material handler, store laborer, box builder, fuel attendant and inspector/packer, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairment of degenerative joint disease of the left knee, that impairment did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of medium work with a number of other limitations. Plaintiff must avoid crawling and climbing ladders of more than four steps, as well as ropes and scaffolds. Plaintiff is limited to occasional pushing and pulling with the lower left extremity, including the operation of pedals unless they require less than five pounds of force. In addition, plaintiff must avoid prolonged exposure to environments with cold temperature extremes and extreme wetness and humidity. Further, he is limited to occupations that do not require exposure to unprotected heights, that allow brief access to a restroom every

2 to 2½ hours during the workday and that can be performed wearing an incontinence protection pad. Finally, plaintiff requires work that allows for a sit/stand option, which permits him to take four or five steps away from his workstation during a one minute period up to five times an hour, if he is working at the sedentary level (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable him to perform his past work as a machine operator, store laborer, fuel attendant, inspector/packer and box builder.[2] Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

---

[2] Even though the ALJ found plaintiff not disabled at step 4 of the sequential evaluation process, he noted in his decision that the vocational expert testified plaintiff's residual functional capacity also would enable him to perform other sedentary, light and medium work that exists in significant numbers in the national economy. (R. 19, 240-42). Therefore, even if the ALJ had proceeded to consider this case at step 5, he still would have found plaintiff not disabled.

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 4 of the sequential evaluation process. At step 4, the issue is whether plaintiff's residual functional capacity permits him to perform his past relevant work. 20 C.F.R. §§404.1520(f); 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual

functional capacity, the ALJ must consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 4 because: (1) the RFC Finding is not supported by substantial evidence; (2) he did not properly evaluate plaintiff's credibility; and (3) he did not properly consider plaintiff's chiropractor's opinion. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first argues that the ALJ's RFC Finding that he can perform medium work with a number of other restrictions is not supported by substantial evidence because he cannot stand and walk for extended periods of time throughout the workday. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§404.1567(c); 416.967(c). If one can perform medium work, it is presumed he can also perform sedentary and light work. Id. Light and medium work "require[] a good deal of walking or standing." 20 C.F.R. §§404.1567(b); 416.967(b).

Although plaintiff asserts that he is incapable of standing and walking for extended periods of time throughout the workday, he provides no support for his position. Indeed, after reviewing the record, it is clear to the court that no medical source ever stated plaintiff is limited in his ability to stand or walk throughout the workday. To the contrary, plaintiff's chiropractor

assessed that he could stand for eight hours and walk from four to six hours in a workday. (R. 147). Although the chiropractor's opinion was not entitled to controlling weight as explained below, the ALJ considered that opinion in his decision, and it provides evidence that plaintiff's ability to stand and walk is not as severely restricted as he alleges. There is no other medical evidence in the record that indicates plaintiff is as limited in his ability to stand and walk as he claims. In fact, the consultative examiner found that plaintiff has no standing and walking limitations. (R. 136).

Plaintiff's argument that he is unable to perform the standing and walking requirements of medium work is based entirely on his own bald assertion. However, the ALJ found that plaintiff's testimony was not entirely credible, a finding which this court concludes is supported by substantial evidence, despite plaintiff's suggestion that the ALJ did not properly evaluate his credibility. See Plaintiff's Brief in Support of Summary Judgment (Document No. 10) at 7.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ thoroughly analyzed plaintiff's subjective complaints, and explained why he found

- 7 -

plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and reports by his treating sources about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p.

The ALJ also considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ then determined that plaintiff's subjective complaints regarding his limitations were not entirely credible. (R. 17). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 17-18), and is satisfied that such determination is supported by substantial evidence. For this reason, as well as those stated above, the court finds that the ALJ's RFC Finding is supported by substantial evidence, and plaintiff's allegation that he is unable to stand and walk for extended periods of time throughout the workday lacks merit.

Plaintiff next argues that the ALJ failed to adequately consider the opinion of his chiropractor relative to his assessment of plaintiff's lifting ability. To the contrary, the

ALJ discussed and considered plaintiff's chiropractor's opinion. (R. 18-19). The ALJ correctly noted that a chiropractor's opinion is not "an acceptable medical source" entitled to controlling weight. See 20 C.F.R. §§404.1513(a), 416.913(a). Rather, a chiropractor's opinion may be considered insofar as it is deemed relevant to assess a claimant's disability. See 20 C.F.R. §§404.1513(d)(1), 416.913(d)(1) (information from other sources, such as chiropractors, may help the Commissioner understand a claimant's impairment). Thus, it was within the ALJ's discretion to give less weight to the opinion of plaintiff's chiropractor.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*[signature]*
Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
P.O. Box 597
Hollidaysburg, PA 16648

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901